IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| MARY RILEY § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION NO. 9:22-CV-00016 |
| § | JUDGE MICHAEL J. TRUNCALE |
| TEXAS ROADHOUSE, INC., § | |
| ROADHOUSE ENTERPRISES, INC. and § | |
| BUFFALO CONSTRUCTION, INC. § | |
| § | |
| Defendants. § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COME NOW,** Plaintiff **MARY RILEY** (hereinafter referred to as "Riley"), complaining of Defendant **TEXAS ROADHOUSE, INC.,** Defendant **ROADHOUSE ENTERPRISES, INC.** and Defendant **BUFFALO CONSTRUCTION, INC.** (hereinafter referred to as "Buffalo"), and for cause of action would respectfully show unto the Court and Jury as follows:

### I. PARTIES

1. Plaintiff **MARY RILEY** is an individual that resides in Nacogdoches, Texas in Nacogdoches County, Texas.

2. Defendant **TEXAS ROADHOUSE, INC**. is a Foreign For-Profit Corporation doing business in the State of Texas. Defendant **TEXAS ROADHOUSE, INC**. has answered and is before this Court for all purposes.

3. Defendant **ROADHOUSE ENTERPRISES, INC**. is a Domestic For-Profit Corporation that conducts business within the State of Texas and was incorporated within the State

of Texas. Defendant Roadhouse Enterprises, Inc. may be served with process through its registered agent for Service, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

4.     Defendant **BUFFALO CONSTRUCTION, INC**. is a Foreign For-Profit Corporation doing business in the State of Texas. Defendant **BUFFALO CONSTRUCTION, INC**. has answered and is before this Court for all purposes.

## II. STATEMENT OF JURISDICTION AND VENUE

5.     This court has jurisdiction over this case pursuant to 28 U.S.C. § 1332(a) as there is diversity of citizenship among the parties, in that Defendants are now and was at the time the action was commenced diverse in citizenship from the Plaintiff. Furthermore, the amount in controversy exceeds the sum of $100,000.00, exclusive of interests and costs.

6.     Venue is proper in this Court, because the incident occurred in the Eastern District of Texas.

## III. FACTS

7.     On or about March 11, 2021, Plaintiff Riley was a guest at the building site for the new Texas Roadhouse location Lufkin, Angelina County, Texas. Plaintiff Riley was at said location to fill out an application for employment. When arriving on the location she was escorted by a construction worker around the building to find a supervisor who could assist her. While going around the building Plaintiff Riley fell into a rut that was approximately two and half feet deep causing her to break her lower left leg. Plaintiff Riley noticed that there were no fences or warning signs anywhere. The fall resulted in Plaintiff Riley being severely and permanently injured. Plaintiff Riley has four non-displaced breaks in her lower leg, both tibia and fibula. She

has had to do physical therapy to learn to walk again and will need a future surgery for a knee replacement.

## IV. CAUSES OF ACTION

### A. Defendants Negligence

8. Mary Riley incorporates by reference, as if restated herein in their entirety, all paragraphs above.

9. Upon information and belief, Defendants negligent and gross negligent conduct proximately caused the Incident in Question. More specifically, Defendants were negligent and grossly negligent in at least the following ways:

   a. Failure to provide a safe jobsite;

   b. Failure to protect Plaintiff from injury;

   c. Failure to remedy a dangerous condition on the premises;

   d. Failure to war plaintiff of a dangerous condition on the premises;

   e. Failure to adequately erect barriers to keep out the public;

   f. Failure to post warning sings.

10. Each of the above acts or omissions, singularly or in combination with others, constitutes negligence and/or gross negligence, which proximately caused Mary Riley's injuries and damages.

### B. Defendants Gross Negligence

11. Mary Riley incorporates by reference, as if restated herein in their entirety, all paragraphs above.

12. Each of Defendants above-listed acts, omissions, and statutory violations, singularly or in combination with others, constitutes gross negligence, which proximately caused Mary Riley's injuries and damages.

13. As a result of the above-listed acts, omissions, and statutory violations, Mary Riley intends to show by clear and convincing evidence that Defendants were grossly negligent, because (i) their acts and omissions involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and (ii) they had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of Mary Riley.

## V. CLAIM FOR PREJUDGMENT AND POST-JUDGEMENT INTEREST

14. Mary Riley claims all lawful pre-judgment and post-judgment interest on her damages.

## VI. MARY RILEY'S DAMAGES

15. As a result of Defendants negligence, gross negligence, and negligence per se, Mary Riley has suffered the following injuries and damages, in the past and future:

   a. Pain and suffering;

   b. Mental anguish;

   c. Physical impairment and/or disfigurement;

   d. Reasonably necessary medical, therapeutic, pharmaceutical and hospital care, including rehabilitative services and devices;

   e. Loss of earnings and/or earning capacity;

   f. Loss of household services; and,

   g. Punitive damages.

## VII. JURY DEMAND

16. Plaintiff hereby demands a jury trial on the issues in this case and respectfully requests that this cause be placed on the Court's Jury Docket and the appropriate fees have been tendered

## VIII. PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Mary Riley prays that Defendants be cited to appear and answer herein and that upon the trial of this cause that Mary Riley has judgment against Defendants for all of her damages as set out herein, pre-judgment interest at the highest legal rate allowed by law, post-judgment interest at the highest legal rate allowed by law, all costs of court, and for such other and further relief, both general and special, either at law or in equity, to which Mary Riley may show herself justly entitled.

Respectfully submitted,

CLARK │ VON-PLONSKI │ ANDERSON

By: /s/ *Collen A. Clark*
      **COLLEN A. CLARK**
      State Bar No. 04309100
      **JACOB L. von PLONSKI**
      State Bar No. 24098554
      **JON L. ANDERSON**
      State Bar No. 01196100
      **R. CONNOR BARBE**
      State Bar No. 24108598

3500 Maple Avenue, Suite 1250
Dallas, Texas 75219
214-780-0500
214-780-0501 Facsimile
eservice@cvpalaw.com
cclark@cvpalaw.com
jake@cvpalaw.com
jla@easttexaslawyer.com
connor@cvpalaw.com